**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ASHLEY POPA, individually and on behalf of all others similarly situated, | ) ) ) | 2:22-cv-1357-NR |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PSP GROUP, LLC d/b/a PET SUPPLIES PLUS, and MICROSOFT CORPORATION, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Plaintiff Ashley Popa brings suit against Defendants PSP Group and Microsoft alleging violations of the Pennsylvania Wiretap Act (18 Pa. Cons. Stat. § 5701, et. seq.) and a common-law claim for intrusion upon seclusion. ECF 26. Specifically, Ms. Popa alleges that PSP uses "Session Replay Code" to unlawfully record, track, and analyze the actions taken by visitors to its website, www.petsuppliesplus.com; the Session Replay Code at issue in this case is called Clarity, which is owned and operated by Microsoft. ECF 26, ¶¶ 28-62. Microsoft now moves, with PSP's consent, pursuant to 28 U.S.C. § 1404(a) to transfer this case to the Western District of Washington, where the consolidated action *Perkins v. Zillow Group, Inc.* is currently pending, and which concerns the same Session Replay Code and the same type of unlawful conduct as alleged in the first amended complaint in this case. ECF 20; ECF 23-1; ECF 25. Ms. Popa opposes the motion. ECF 27. After careful consideration, this Court grants Microsoft's motion and transfers the case to the Western District of Washington.

Questions of venue, when both forums are proper,[1] are governed by 28 U.S.C. § 1404(a), which states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The movant bears the burden of establishing the need for transfer.  *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).

That showing must proceed in two steps.  First, the movant must demonstrate that "the litigation could have been brought in the transferee forum."  *Samsung SDI Co. v. Matsushita Elec. Indus. Co.*, 524 F. Supp. 2d 628, 631 (W.D. Pa. 2006) (Ambrose, J.).  Second, the movant must show that the interests of convenience and justice favor transfer.

Turning to the first step, the Court concludes that the case could have been brought in the Western District of Washington.  It is undisputed that Microsoft is incorporated and headquartered in Redmond, Washington, which is in the Western

---

[1] Defendants have not made a formal venue challenge.  And the Court otherwise concludes that venue is proper under Section 1391(b)(2).  "[A] substantial part of the events or omissions giving rise to" Ms. Popa's claim occurred in Pennsylvania— namely, her web browser information was tracked and monitored "while [Ms. Popa was] visiting the PSP website on her computer from Pennsylvania."  ECF 27, p. 2.  Microsoft in its brief suggests this Court may lack personal jurisdiction over it.  ECF 21, pp. 7-8.  But that question is distinct from the venue consideration, and the Court does not reach it, either separately or in its *Jumara* analysis.  *Eason v. Linden Avionics, Inc.*, 706 F. Supp. 311, 319 (D.N.J. 1989) ("Personal jurisdiction and venue, although closely related issues which determine where a suit will be adjudicated, require separate consideration.").  Indeed, the parties requested, and this Court agreed, that any responses to the first amended complaint, including challenges to personal jurisdiction in a Rule 12(b)(2) motion, would be deferred until after resolution of the transfer issue.  ECF 30.  But even if the Court does lack personal jurisdiction over Defendants, the Court retains statutory authority to transfer the case.  *Cumberland Truck Equip. Co. v. Detroit Diesel Corp.*, 401 F. Supp. 2d 415, 419 (E.D. Pa. 2005) ("[A] court has the power to transfer a case pursuant to venue transfer statutes without possessing personal jurisdiction over the defendants." (citing *Goldlawr, Inc., v. Heiman*, 369 U.S. 463, 466 (1962))).

District of Washington.  ECF 26, ¶ 11.  Further, the first amended complaint essentially challenges the lawfulness of the Clarity software, the development and deployment of which occurred in Washington.  ECF 21, p. 7; ECF 26, ¶ 52 ("PSP's procurement and use of Microsoft Clarity's Session Replay Code, and procurement and use of other Session Replay Codes through various Session Replay Providers, is a wiretap in violation of Pennsylvania statutory and common law."); *id.* at ¶ 103 ("Session Replay Code like Microsoft's Clarity is a 'device' used for the 'acquisition of the contents of any wire, electronic, or oral communication' within the meaning of the Act.'"); *id.* at ¶ 109 ("By operation of Microsoft Clarity on Plaintiff's device, these forms of communications were captured continuously, within milliseconds, and immediately transmitted to and acquired by Microsoft.").

Thus, "a substantial part of the events or omissions giving rise to the claim" occurred in the Western District of Washington, meaning Ms. Popa could have brought her claims there.  28 U.S.C. § 1391(b)(2); *see also Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 56 (2013) (instructing courts considering transfer to look to federal venue statutes when considering where a case might have been brought (citing *Van Dusen v. Barrack*, 376 U.S. 612, 623 (1964))).  For her part, Ms. Popa does not dispute that conclusion—nor can she, because she previously assented to transfer her similar case *Popa v. Zillow Group, Inc.* from this district to the Western District of Washington.  Stipulation to Transfer Action Pursuant to 28 U.S.C. § 1404(a), *Popa v. Zillow Group, Inc.*, No. 22-cv-1287-WSS (W.D. Pa. Sept. 8, 2022), ECF 16.  Accordingly, Microsoft meets its burden on the first step.

With respect to the second step—the convenience assessment—the Third Circuit instructs that courts should consider a number of **private factors**—including (1) plaintiff's choice of forum; (2) defendant's preference; (3) the location where the claim arose; (4) the convenience of the parties relative to their physical and financial

condition; (5) the convenience to witnesses as pertaining to their availability for trial; and (6) the location of books and records—and **public factors**—including (7) the enforceability of the judgment; (8) practical considerations that could make the trial easy, expeditious, or inexpensive; (9) the local interest in deciding local controversies at home; (10) the public policy of the forum; and (11) the trial court's familiarity with the applicable law. *Jumara*, 55 F.3d at 879-80. "Importantly, the *Jumara* analysis is not limited to these explicitly enumerated factors, and no one factor is dispositive." *Audatex N. Am., Inc. v. Mitchell Int'l, Inc.*, No. 12-139, 2013 WL 3293611, at *2 (D. Del. June 28, 2013) (citing *Jumara*, 55 F.3d at 879).

The Court first weighs the private factors, as follows:

**Plaintiff's choice of forum.** Neutral. At first glance, the first factor appears to favor Ms. Popa, as she initiated her claim against Defendants in the Western District of Pennsylvania. Normally, courts should give "heightened deference" to this factor. *Audatex*, 2013 WL 3293611, at *2. But in this specific context, the Court affords less weight to this factor because Ms. Popa is a party in the *Perkins* consolidated action, after she voluntarily consented to the transfer of her other case (*Popa v. Zillow*) to the Western District of Washington, where that case was consolidated into the *Perkins* action. The *Perkins* action now consists of eight class actions, and concerns the same Microsoft Clarity technology at issue in this case.[2]

---

[2] *Compare* ECF 23-1, ¶¶ 3-4 ("Each action [in the consolidated action] alleges that Zillow violated a two-party consent wiretapping law and invaded Plaintiffs' privacy by procuring and embedding snippets of JavaScript computer code ('Session Replay Code') on its website, www.zillow.com, to collect, monitor, and record website visitors' electronic communications without their consent. Plaintiffs allege these claims on behalf of overlapping state and nationwide putative classes. While the legal claims differ slightly in each case due to the differing state wiretapping laws alleged, they all seek damages against Zillow and in one case against Microsoft for similar alleged conduct and similar alleged injury."), *and* ECF 26, ¶ 52 ("PSP's procurement and use of Microsoft Clarity's Session Replay Code, and procurement and use of other Session Replay Codes through various Session Replay Providers, is a wiretap in violation of Pennsylvania statutory and common law."), *with* Complaint at ¶ 1, *Popa v. Zillow*

**Defendants' preferences.**  Transfer.

**Location where the claim arose.**  Neutral.  The third factor initially might seem to favor Ms. Popa, as her communications were intercepted by PSP through Clarity when she accessed PSP's website in Pennsylvania.  ECF 27, pp. 7-8.  But in the context of this case, the location of the intercept is ultimately less important than the software that did the intercepting.  That software is both located and the subject of a consolidated action to which Ms. Popa is a party in the Western District of Washington.

**Convenience to the parties relative to their physical and financial condition.**  Transfer.  Microsoft is domiciled in Washington; and PSP does not oppose transfer, suggesting any inconvenience it would suffer is minimal.  While Ms. Popa and the putative class are located in Pennsylvania, Ms. Popa is litigating the substantially similar *Perkins* case in the Western District of Washington.  Thus, it seems more convenient to transfer the case to that district, rather than force the parties to litigate the same issues and law in two districts on opposite sides of the country.

Nor is the Court persuaded by Ms. Popa's argument that the *Perkins* action concerns an "entirely different" class than the instant action.  ECF 27, p. 1.  In this action, Ms. Popa represents a class of "all Pennsylvania citizens whose Website Communications were intercepted through PSP's [and Microsoft's] procurement and use of [Microsoft's] Session Replay Code embedded on www.petsuppliesplus.com," ECF 26, ¶ 8, while in the *Perkins* action, she represents "all Pennsylvania citizens

---

*Group, Inc.*, No. 22-cv-1287-WSS (W.D. Pa. Sept. 8, 2022), ECF 1 ("This is a class action brought against Zillow for wiretapping the electronic communications of visitors to its website, www.zillow.com.  Zillow procures third-party vendors, such as Microsoft Corporation, to embed snippets of JavaScript computer code ('Session Replay Code') on Zillow's website[.]").

whose Website Communications were intercepted through Zillow's procurement and use of [Microsoft's] Session Replay Code embedded on the webpages of www.zillow.com," Complaint at ¶¶ 4, 41-43, No. 22-cv-1287-WSS (W.D. Pa. Sept. 8, 2022), ECF 1. There may be some differences as to these classes based on the users of the websites; but given the centrality of the Microsoft software to these cases, it would appear more convenient to the parties to proceed in Microsoft's domicile.

**Convenience of witnesses.** Neutral. The Court knows too little about the potential witnesses and their locations to determine whether this factor favors one forum over the other. Even if the Court had this information, with the rise of video depositions, this is no longer much of a consideration in the overall analysis.

**Location of books and records.** Neutral. This factor is a remnant of the past, and the Court affords it no weight. Books and records are commonly stored digitally and can be easily transmitted electronically to any forum. *Jumara*, 55 F.3d at 879 (consideration of "books and records" factor is "limited to the extent that the files could not be produced in the alternative forum"); *McNeish v. Ohio Edison Co.*, No. 19-799, 2020 WL 419990, at *3 (W.D. Pa. Jan. 27, 2020) (Horan, J.) ("Given the technological manner in which books and records are kept . . . it is difficult to conclude that this singular factor weighs in favor of transfer.").

The Court must also consider these public factors:

**Enforceability of judgment.** Neutral. Questions of the enforceability of the judgment in the Western District of Washington are of no concern in light of 28 U.S.C. § 1963, so this factor cuts evenly. 28 U.S.C. § 1963 (registration of judgment in federal district court "shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner").

**Practical considerations.** Transfer. It is much more practical to transfer this case to the same district where other actions concerning the same Clarity software and substantially similar wiretapping laws are pending; Ms. Popa herself is

- 6 -

the named plaintiff in one of those cases, which appears to differ from this case only insofar as Ms. Popa's information was intercepted by Clarity while she used Zillow's website, rather than PSP's website.

**Local interest.**  Neutral.  While there may be an interest in deciding local controversies in Pennsylvania, Ms. Popa's other action in the Western District of Washington concerns violations of the Pennsylvania Wiretap Act and common-law intrusion upon seclusion, just as she alleges here.  Complaint at pp. 18-22, *Popa v. Zillow Group, Inc.*, No. 22-cv-1287-WSS (W.D. Pa. Sept. 8, 2022), ECF 1.  This fact discounts any great weight imposed by that local interest.

**Public policy, and familiarity with Pennsylvania law.**  Neutral.  There is little risk that transfer will meaningfully implicate the last two public factors either, because Ms. Popa herself consented to transfer her case against Zillow to the Western District of Washington.  Thus, a transfer here will not undermine public policy in either forum, and there is no reason to doubt that the Western District of Washington will capably apply the laws of Pennsylvania, as it already must do in *Perkins*.  To the contrary, it seems especially reasonable to transfer (and very likely to then consolidate this action with *Perkins*) given the similarities between this case and the previously consolidated *Popa v. Zillow Group*.

The Court weighs the *Jumara* factors in a holistic manner.  Considering all of these factors, and the pending consolidated litigation in the Western District of Washington involving the same lead counsel,[3] most of the same parties, and many of the same issues, the Court finds that venue is proper in the Western District of Washington, and that it is in the interests of convenience and justice to transfer this case to that district.  28 U.S.C. § 1391(b); *id.* at § 1404(a).

---

[3] ECF 32-1, ¶ 3 (Order appointing Ms. Popa's counsel as co-lead counsel in *Perkins*).

Accordingly, it is **ORDERED** that Microsoft's motion to transfer (ECF 20) is **GRANTED**.  It is further **ORDERED** that this case shall be **TRANSFERRED** forthwith to the United States District Court for the Western District of Washington.

DATE: February 27, 2023                    BY THE COURT:

                                           /s/ *J. Nicholas Ranjan*
                                           United States District Judge